```
             UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**CANDACE BURDETTE,**

       Plaintiff

v.                                                      Civil Action No. 2:06-0210

**RELIASTAR LIFE INSURANCE**
**COMPANY, a corporation,**

       Defendant


<u>MEMORANDUM OPINION AND ORDER</u>

       The court, sua sponte, addresses the question of jurisdiction in this action.

I.

       Plaintiff, Candace Burdette, was a beneficiary under a life and accidental death and dismemberment insurance policy the city of Charleston sponsored for city employees, including plaintiff's husband. (Compl. ¶ 4; Rule 26(f) Report at 1.) The defendant, ReliaStar Life Insurance Company ("ReliaStar"), administered the plan under which the policy was issued. (Rule 26(f) Report at 1.) Pursuant to the policy provisions, accidental death and dismemberment benefits totaling $60,000

1

would be paid to the plaintiff in the event of her husband's accidental death.[1]  (Compl. ¶ 2; Def.'s Not. of Rem. ¶ 3(c).)

On September 12, 2004, plaintiff's husband suffered an untimely death, and plaintiff subsequently filed a claim for benefits contending her husband's death was accidental.  (Compl. ¶¶ 5,7.)  ReliaStar denied the plaintiff's claim asserting her late husband's death was not accidental; rather, his death was "self-inflicted." (Compl. ¶ 7; Rule 26(f) Report at 2.)

Plaintiff instituted this action in the Circuit Court of Kanawha County on February 27, 2006.  The complaint does not specify the amount of damages sought but does allege that plaintiff is entitled to recover under a breach of contract theory: (1) payment of the policy benefits, (2) punitive damages, and (3) attorney fees and costs. (Compl. ad damnum.)  On March 23, 2006, ReliaStar removed the action to this court, asserting it and plaintiff are completely diverse and the amount in controversy requirement is satisfied.

---

[1] According to the Enrollment Card, the only policy document before the court, it appears that plaintiff may actually be entitled to only $30,000 in accidental death and dismemberment benefits.  Plaintiff's mother-in-law was listed as an additional beneficiary who was to receive 50% of the accidental death and dismemberment benefits pursuant to the policy.  Nonetheless, for the purpose of this jurisdictional inquiry, the court will accept as true ReliaStar's uncontested representation that plaintiff is seeking $60,000 in accidental death and dismemberment benefits.

II.

A defendant who removes a case from state court in which the damages sought are unspecified, asserting the existence of federal diversity jurisdiction, must prove by a preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount.  Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996); Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992); Landmark Corp. v. Apogee Coal Co., 945 F. Supp. 932, 935 (S.D. W. Va. 1996).  If not specified in the complaint, the amount in controversy must be determined on the likely monetary relief that may be granted to a plaintiff if he succeeds on all of his claims asserted in good faith. Landmark Corp., 945 F. Supp. at 936-37.  Indeed, the amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal.  Sayre v. Potts, 32 F. Supp.2d 881, 886 (S.D. W. Va. 1999) (citing Landmark Corp., 945 F. Supp. at 936-37).  In calculating that amount, the court may consider the "'entire record before it and make an independent evaluation'" of whether the amount in controversy is satisfied. Sayre, 32 F. Supp.2d at 886 (citing White v. J.C. Penney Life Ins. Co., 861 F. Supp. 25, 27 (S.D. W.Va. 1994) (citation omitted)).

III.

In its notice of removal, ReliaStar maintains that the amount in controversy requirement is satisfied.  In support, ReliaStar represents that the plaintiff is seeking $60,000 in accidental death and dismemberment benefits and this figure, combined with the amounts that could be recovered under plaintiff's claims for punitive damages and attorney fees, exceeds $75,000.  The court is not persuaded by ReliaStar's representations.

Assuming plaintiff is seeking $60,000 pursuant to the policy provisions, this amount may be taken into consideration when determining the amount in controversy; however, neither punitive damages nor attorney fees may, under the circumstances presented here, be included in the determination.

Punitive damages may be included for the purpose of determining the amount in controversy "when they are permitted to be awarded under the governing substantive law for the claim being asserted by the plaintiff."  14B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3702 (3d ed. 1998).  The substantive law of West Virginia does not permit the award of punitive damages under a breach of contract theory, absent proof of malice, wantonness, or oppression.  C.W.

4

**Development, Inc. v. Structures, Inc. of West Virginia**, 408 S.E.2d 41, 45 (W. Va. 1991).  In this case, plaintiff is seeking to recover benefits exclusively under a breach of contract theory, and plaintiff has not alleged ReliaStar acted with malice, wantonness, or oppression.  Thus, punitive damages are not available and may not be considered in determining the amount in controversy.

Additionally, attorney fees are generally excluded in determining the amount in controversy, and may be included only where the fees are provided for by contract or where a statute mandates or allows the payment of such fees.  See **Spielman v. Genzyme Corp.**, 251 F.3d 1, 7 (1st Cir. 2001); see also **Manguno v. Prudential Property & Cas. Ins. Co.**, 276 F.3d 720, 723 (5th Cir. 2002) ("[i]f a state statute provides for attorney's fees, such fees are included as part of the amount in controversy"); **Galt G/S v. JSS Scandinavia**, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[w]e hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); **Saval v. BL Ltd.**, 710 F.2d 1027, 1033 (4th Cir. 1983) (recognizing that courts have considered attorney fees as part of the jurisdictional amount where statutes or contractual provisions transform the fees into substantive rights to which

litigants are entitled).  In this action, plaintiff does not seek attorney fees in accordance with a contractual provision in the policy, nor does plaintiff contend that she is entitled to attorney fees pursuant to any statute.  Consequently, attorney fees are also excluded from the amount in controversy calculation.

Under the allegations contained in plaintiff's complaint she may recover, at best, only $60,000.  As a result, the minimum jurisdictional amount is lacking in this diversity action and the court is without subject matter jurisdiction.

### III.

It is, accordingly, ORDERED that this action be, and it hereby is, remanded to the Circuit Court of Kanawha County.

The Clerk is directed to forward a copy of this written opinion and order to counsel of record and a certified copy to the clerk of court for the Circuit Court of Kanawha County.

DATED: June 12, 2006

John T. Copenhaver, Jr.
United States District Judge